UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:25-cv-00125

———

**Richard James Johnson et al.,**
*Plaintiffs,*

v.

**Samantha Myers et al.,**
*Defendants.*

———

**ORDER**

Plaintiff Richard J. Johnson, an inmate proceeding pro se, sued defendants for allegedly placing him and his family in a room with an armed felon, who then killed plaintiff's wife and himself, and for retaliating against plaintiff for reporting the incident by placing his child in CPS custody, where she was assaulted. Doc. 1 at 4. Plaintiff further alleges "life endangerment," requests an emergency injunction, and lists as "federal question[s]" whether "lower courts" can "block access to petitioners that are prisoners because they are in jail" and whether state agencies can "act extra-judiciously." *Id.* at 1. Additionally, the complaint lists "E.J. Johnson" as a plaintiff but provides no information on who that person is or what claims that person makes in this lawsuit. *Id.*

The court referred the case to a magistrate judge, who issued a report recommending that that the lawsuit be dismissed with prejudice. Doc. 4 at 4. The report explained that the lawsuit identified two plaintiffs—Richard Johnson and E.J. Johnson—but that E.J. Johnson did not sign the complaint, has not paid the filing fee, has not sought in forma pauperis (IFP) status, and does not appear to be a proper party. *Id.* at 1–2. The report then observed that plaintiff Richard Johnson, an inmate proceeding pro se and who seeks IFP status, is barred by the Prison Reform Litigation Act (PLRA) from proceeding in forma pauperis unless he shows that he is in imminent danger of serious physical injury. *Id.* at 3. Plaintiff, the report explains, has made no such showing. *Id.* at 4. The

- 1 -

report therefore recommends dismissal with prejudice as to the refiling of another in forma pauperis lawsuit raising the same claims but without prejudice as to the refiling of this lawsuit upon payment of the full filing fee or proof of imminent danger to plaintiff of serious physical injury. *Id.* at 4–5. Plaintiff Richard Johnson timely filed written objections. Doc. 5. Plaintiff E.J. Johnson did not file written objections.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). When there have been no timely objections to a report, or the objections are improper, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

First, plaintiff objects that he is not in prison or sentenced to prison and that the PLRA does not bar his suit. Doc. 5. The PLRA defines the term "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Plaintiff is confined in the Navarro County Jail, as shown by the return address on his objections. Doc. 5-1. Moreover, online records for the Navarro County Sherriff's Department show that he is being held on criminal charges and for a parole violation. *See Richard James Johnson*, Navarro County Justice Center – Inmate Details, http://jail-roster.ncsotx.org/inmate-details?id=wbu7TZJA6yk%253d&bid=o IEAps1luvI%253d. Plaintiff is therefore a prisoner as defined by the PLRA. Plaintiff's first objection is overruled.

Second, plaintiff objects that "dismissal with prejudice is not required in this case" and "would be punitive." Doc. 5. The objection is conclusory and fails to engage with the report's reasons for its recommendations. Moreover, plaintiff does not object to the report's findings that he has three strikes under the PLRA. Under the PLRA, a prisoner with three strikes may not bring a civil action in forma pauperis unless he shows that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). The recommended dismissal comports with that statutory bar. Plaintiff's second objection is overruled.

Third, plaintiff objects that no hearing was held to determine if an imminent danger exists. Doc. 5. No such factfinding hearing is required; rather, it is plaintiff's burden to make such a showing "at the time that he seeks to file his suit in district court or . . . files a motion to proceed IFP." *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); *see also Carson v. Johnson*, 112 F.3d 818, 823 (5th Cir. 1997) (explaining that a prisoner with three strikes may not proceed IFP in "any . . . federal lawsuit which does not involve 'imminent danger of serious physical injury'"). Plaintiff's third objection is overruled.

Fourth, plaintiff objects that the PLRA does not apply because "this case has nothing to do with jail standards or prison." Doc. 5. The PLRA applies to "a civil action." 28 U.S.C. § 1915(g). Plaintiff's fourth objection is overruled.

Fifth, plaintiff objects that he is "temporarily" in jail and is not incarcerated in a prison. Doc. 5. The PLRA does not distinguish between prisoners detained or incarcerated in a jail and those incarcerated in a prison. 28 U.S.C. § 1915(h). Plaintiff's fifth objection is overruled.

Sixth, plaintiff asserts that his daughter's life is in imminent danger. Doc. 5. His statement is conclusory and unsubstantiated. Moreover, as explained above, the PLRA bars a prisoner with three strikes from bringing a civil action in forma pauperis unless he shows that he—not someone else—is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff's allegation

regarding his daughter does not make that showing. Plaintiff's sixth objection is overruled.

Having reviewed the report de novo and being satisfied that it contains no error, the court accepts its findings and recommendations. All claims in this matter are dismissed with prejudice as to the refiling of another in forma pauperis lawsuit by plaintiff Richard Johnson raising the same claims, but without prejudice as to the refiling of this lawsuit upon payment of the full filing fee or a showing that the lawsuit involves imminent danger of serious physical injury to plaintiff. This dismissal shall not affect the right of plaintiff E.J. Johnson to refile the lawsuit and seek leave to proceed in forma pauperis without plaintiff Richard Johnson as a co-plaintiff. If plaintiff Richard Johnson pays the full filing fee within 15 days of entry of this order, the case shall be reopened and permitted to proceed as though the filing fee was paid at the outset. Any pending motions are denied as moot.

*So ordered by the court on January 9, 2026.*

J. CAMPBELL BARKER
United States District Judge